IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                                No. CR S-10-185 KJM

    vs.

GERARDO MAYA-CRUZ,

    Movant.                                   <u>ORDER</u>

_____/

        Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that counsel was ineffective, inter alia, for failing to determine whether his prior convictions were invalid because they were not preceded by warnings that his guilty plea would have immigration consequences and for failing to file a notice of appeal. ECF No. 25 at 4.

        Movant has filed a request to proceed in forma pauperis, a request to file a memorandum of points and authorities in support of his motion, a motion for the appointment of counsel, and a motion for a stay of the proceedings because the counsel whom the court might appoint might pursue a coram nobis petition in the state court, seeking to invalidate a prior conviction. He also seeks an order directing the clerk to provide him various state and federal records at government expense.

Movant's request to proceed in forma pauperis is denied as moot as there is no fee for filing a motion to vacate his sentence. *United States v. Sperow*, 2012 WL 1448219, at *1 (D. Idaho Apr. 25, 2012).

Movant's request for the appointment of counsel is denied without prejudice. There currently exists no absolute right to appointment of counsel in § 2255 proceedings. *See, e.g., Irwin v. United States*, 414 F.2d 606 (9th Cir. 1969); *United States v. Friedman*, 2006 WL 3741850, at *1 (E.D. Cal. Dec. 19, 2006). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2255 Proceedings. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at this time.

Movant's request for a stay is also denied. Movant may pursue whatever collateral attack on his state conviction he wishes without a stay of these proceedings, which focus on counsel's ineffectiveness and only tangentially on the validity of his state court conviction.

Movant asks the court to direct the clerk to provide him "all pertinent parts of the Federal and State record" at government expense. This court does not have access to the unidentified state records movant believes he needs and does not have sufficient information at this point to determine whether the claim is not frivolous, which is a precondition to an order directing that the record be presented at government expense. *United States v. Sperow*, 2012 WL 1448219, at *1; 28 U.S.C. § 753.

Finally, movant will have an opportunity to submit a memorandum of points and authorities with his reply to the government's opposition.

IT IS THEREFORE ORDERED THAT:

1. Movant's motion to proceed in forma pauperis (ECF No. 26) is denied as moot;

/////

2. Movant's motion for leave to file a memorandum of points and authorities (ECF No. 27) is denied, but movant may file argument and case authority in conjunction with his reply;

3. Movant's request for the provision of transcripts and documents (ECF No. 28) is denied without prejudice; and

4. Movant's motion for the appointment of counsel and for a stay of the proceedings (ECF No. 34) is denied.

DATED: July 26, 2012.

_____
UNITED STATES DISTRICT JUDGE