1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                     No.  2:10-CR-185 KJM

12                   Respondent,

13           v.                                      ORDER

14    GERARDO MAYA-CRUZ,

15                   Movant.

16

17                  Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set

18    aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that counsel was ineffective

19    for failing to determine whether his prior convictions were invalid, neglecting to advise him of his

20    right to have Mexican consular officials notified of his arrest, failing to advise him properly

21    concerning the waiver of appeal, and neglecting to file a notice of appeal.  ECF No. 25 at 4-5.

22                  The government has filed a motion to dismiss the first three claims and a renewed

23    request for discovery as to the fourth claim.  Movant has not opposed the motion.  As discussed

24    below, the court denies movant's motion and denies the government's motion to dismiss as moot.

25    I.  BACKGROUND

26                  On April 21, 2011, movant pled guilty to a single count of being a deported alien

27    found in the United States, 8 U.S.C. § 1326(a), (b)(2), and was sentenced that day.  ECF No. 19.

28    The plea agreement provided in part that "[t]he defendant understands that the law gives him a

                                                    1

1  right to appeal his conviction and sentence.  He agrees as part of his plea, however, to freely,

2  knowingly, and voluntarily give up the right to appeal any aspect of his conviction or sentence.

3  The defendant also gives up any right he may have to bring a post-conviction attack on any aspect

4  of his conviction or sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255

5  or § 2241 attacking any aspect of his conviction or sentence."  Plea Agreement, ECF No. 20 ¶ 5.

6         Movant was sentenced on the day of his guilty plea to a term of fifty-seven

7  months' imprisonment.  Hrg. Tr., ECF No. 31 at 27.  He filed his motion to vacate just over a

8  year later, on May 2, 2012.  ECF No. 25.

9         On June 21, 2012, movant filed a motion for appointment of counsel and for an

10  evidentiary hearing.  He also asked for a stay of these proceeding to allow appointed counsel to

11  file a petition for coram nobis in the state court, attacking various state convictions because of the

12  state courts' alleged failure to advise him of the immigration consequences of his pleas.  ECF No.

13  33.  On July 26, 2012, the court denied this motion.  ECF No. 39.

14         On August 3, 2012, the government filed a motion for an order finding a waiver of

15  the attorney client privilege and permitting it to depose movant's trial counsel, among other

16  things.  ECF No. 41.  Movant did not oppose the motion, which the court denied without

17  prejudice on November 2, 2012.  ECF No. 45.

18         The government filed the current motion on January 4, 2013.  It argues movant's

19  first two claims are attacks on the sentence imposed, are barred by the waiver of collateral attack

20  in the plea agreement, and also fail on the merits.  It also argues the third claim is contradicted by

21  the record and the fourth claim cannot be resolved without discovery.

22  II.  ANALYSIS

23         Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence

24  "upon the ground that the sentence was imposed in violation of the Constitution or laws of the

25  United States, or that the court was without jurisdiction to impose such sentence, or that the

26  sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

27  attack."  28 U.S.C. § 2255(a).

28  /////

1    A.  Review of Claims

2         In his first ground for relief, movant claims counsel failed to tell him his current

3    sentence could be invalid because his prior convictions and deportations might be infirm as a

4    result of prior counsel's failure to inform him he would be subject to deportation.  He claims that

5    counsel not only failed to so advise him, but also failed to investigate the validity of those prior

6    convictions.  Mot. to Vacate, ECF No. 25 at 4.  In his second claim, movant says counsel failed to

7    advise movant of his right to have the Mexican Consul notified of his arrest and as a result, he

8    lost the additional assistance the Consulate could have provided in investigating his state court

9    convictions; he also makes a somewhat puzzling claim that this failure somehow violated the

10   Ninth Amendment.  *Id.*

11        The government argues that these two claims are in essence a collateral attack on

12   movant's sentence and thus are barred by the waiver.  ECF No. 46 at 8.

13        In *United States v. Abarca*, the Ninth Circuit held that defendant's knowing and

14   voluntary waiver of the statutory right to bring a § 2255 motion was enforceable, but noted it did

15   "not hold that Abarca's waiver categorically forecloses him from bringing any section 2255

16   proceeding, such as a claim of ineffective assistance of counsel or involuntariness of the waiver."

17   985 F.2d 1012, 1014 (9th Cir. 1993).  A year later, the court noted that "[a] plea agreement does

18   not waive the right to bring a § 2255 motion unless it does so expressly."  *United States v. Pruitt*,

19   32 F.3d 431, 433 (9th Cir. 1994).  The court again noted its doubt "that a plea agreement could

20   waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional

21   inducement of the defendant to plead guilty or accept a particular plea bargain."  *Id.*

22        In *United States v. Nunez*, the Ninth Circuit held that a defendant's waiver of the

23   right to appeal his sentence is an implicit waiver of the right to raise on appeal a claim of

24   ineffective assistance of counsel at sentencing because the claim is an attack on the sentence.  223

25   F.3d 956, 959 (9th Cir. 2000).  The Ninth Circuit has not said that a waiver of a § 2255 motion is

26   also an implicit waiver of any claim of ineffective assistance of counsel regarding his sentence,

27   but several district courts have concluded that a valid waiver of the right to bring a collateral

28   attack on a conviction and sentence also waives the right to argue ineffective assistance of

1   counsel on those grounds.  *See, e.g., United States v. Fernandez-Mendoza*, Nos. CR 11–355–

2   PHX–JAT, CV 12–170–PHX–JAT (LOA), 2013 WL 4431029, at *5 (D. Ariz. Aug. 16, 2013)

3   (citing *Williams v. United States*, 396 F.3d 1340, 1342 (1st Cir. 2005)); *United States v. Ramirez-*

4   *Jimenez*, No. 2:08–cr–0509 MCE KJN, 2013 WL 2150032, at *4 (E.D. Cal. May 16, 2013).

5           In his first ground for relief, movant alleges in essence that his sentence would

6   have been different had counsel undertaken an investigation of his prior convictions.  His claim is

7   that his sentence would have been different had counsel notified him of his right to contact the

8   Mexican consulate, which could have provided additional resources for the investigation of "the

9   validity of arrest, indictment, convictions as well as the adverse irregularities regarding his

10   domestic violence conviction and his illegal reentry."  ECF No. 25 at 4.  As these two claims

11   ultimately attack his conviction and sentence, they are not cognizable if the waiver is knowing

12   and voluntary and therefore enforceable.  *Abarca*, 985 F.2d at 1014.

13           As noted, the written plea bargain included an explicit waiver of collateral attack

14   on the conviction and sentence and movant signed the plea agreement, attesting that he had

15   "carefully reviewed every part of it with [his] attorney" and that he understood it and voluntarily

16   agreed to it.  ECF No. 20 ¶¶ 5, 15B.  Moreover, during the plea colloquy, the court ascertained

17   that movant was "willing to waive [his] right to appeal" and would "not have the right to file a

18   motion to attack the sentence, seeking a lower sentence."  Hrg. Tr., ECF No. 31 at 14:12-16, 22-

19   25; 15:18-16:4.  Movant does not challenge this waiver specifically.

20           In the third ground of his motion, movant claims that his entire plea was not

21   intelligently, knowingly and voluntarily made because counsel "did not properly inform him of

22   the adverse collateral consequences with regard to his prior convictions, e.g., the risk of

23   deportation, that enhanced sentences could be imposed as a result of those prior convictions . . . ."

24   ECF No. 25 at 4; *see United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999) (stating

25   that "waivers of appeal must stand or fall with the agreement of which they are a part") (internal

26   quotations omitted).  As discussed more fully below, movant cannot succeed on this claim,

27   rendering the waiver of collateral review valid.  But even if the waiver of collateral review was

28   vulnerable, movant would nevertheless not be entitled to relief on these claims.

4

1        In examining ineffective assistance of counsel claims, the court employs the

2   familiar two-step *Strickland* analysis.  *Strickland v. Washington*, 466 U.S. 668 (1984).  With

3   respect to the first step, a movant must demonstrate that his counsel's performance was so

4   deficient that it "fell below an objective standard of reasonableness." *Id*. at 688.  The assessment

5   must be made "from the counsel's perspective at the time," so as "to eliminate the distorting

6   effects of hindsight." *Id*. at 689.  Further, there is a "strong presumption that counsel's conduct

7   falls within the wide range of reasonable professional assistance," and hence "[j]udicial scrutiny

8   of counsel's performance must be highly deferential." *Id*.  Movant must rebut the presumption

9   that counsel was competent.  *Duncan v. Ornoski*, 528 F.3d 1222, 1234 (9th Cir. 2008).

10        If movant establishes counsel's deficient performance, the court must decide

11   whether that performance resulted in actual prejudice.  *Strickland*, 466 U.S. at 687.  The question

12   is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the

13   result of the proceeding would have been different.  A reasonable probability is probability

14   sufficient to undermine confidence in the outcome." *Id*. at 694. A reviewing court "need not

15   determine whether counsel's performance was deficient before examining the prejudice suffered

16   by the movant as a result of the alleged deficiencies . . . . If it is easier to dispose of an

17   ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be

18   followed." *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at

19   697).

20        B.  Claim One

21        Movant alleges that had counsel investigated, she might have discovered movant's

22   prior convictions were invalid because counsel in those prior cases might have failed to advise

23   movant of the immigration consequences of his state court charges.  If so, counsel might have

24   been able to have those convictions set aside, which would then mean the enhanced sentence

25   imposed in this case was illegal.

26        In *Padilla v. Kentucky*, the Supreme Court held that "counsel must inform her

27   client whether his plea carries a risk of deportation," and a failure to do so constitutes ineffective

28   assistance of counsel.  __ U.S. __, 130 S.Ct. 1473, 1486 (2010).  In *Chaidez v. United States*, the

1    court held that *Padilla* does not apply retroactively.  __ U.S. __, 133 S.Ct. 1103, 1113 (2013).

2    Respondent in this case suggests movant's 2006 state conviction, the basis of the enhanced

3    sentence in this case, was probably final at the time *Padilla* was decided, but provides no proof.

4    ECF No. 46 at 17.

5             The court does agree with respondent that movant's claims are too speculative to

6    support the claim of ineffective assistance of counsel.  Movant does not present any evidence, not

7    even his own declaration, suggesting that counsel in the state cases failed to advise him of the

8    immigration consequences of his pleas.  His speculation that counsel might have found something

9    suggesting his prior convictions were invalid will not support his claim for relief.  *Jones v.*

10   *Gomez*, 66 F.3d 199, 204-05 & n.1 (9th Cir. 1995) (stating that "conclusory suggestions that his

11   trial and state appellate counsel provided ineffective assistance fall far short of stating a valid

12   claim of constitutional violation"); *see also Powell v. Runnels*, No. CIV S–05–1786 GEB KJM P,

13   2009 WL 1749013, at \*15-17 (E.D. Cal. Jun. 18, 2009) (stating petitioner had not shown

14   counsel's ineffectiveness in failing to determine whether prior conviction was a strike when he

15   did not present evidence supporting his position); *Ralbovsky v. Kane*, 407 F. Supp. 2d 1142, 1154

16   (C.D. Cal. 2005 ) (stating petitioner had not shown counsel was ineffective for failing to advise

17   him prior strike conviction was invalid when petitioner had not shown strikes were in fact

18   invalid), *aff'd*, 227 Fed. App'x 691 (9th Cir. 2007) (unpublished).

19            C.  Claim Two

20            Movant alleges counsel was ineffective for failing to advise him of his right to

21   contact the Mexican consulate, claiming this violated the Vienna Convention and his Ninth

22   Amendment rights.

23            Respondent counters that trial counsel was not ineffective because immigration

24   officials so advised movant when he was arrested.  ECF No. 46-6 (Warning as to Rights, in

25   English and Spanish).

26            First, as in a similar case out of the Southern District, "[t]here is no authority cited,

27   or found, to support [the] claim that his counsel should have advised or readvised him of the right.

28   There is also no authority cited, or found, that supports his claim that the Ninth Amendment

1  grants an alien a right to contact his country's consulate upon arrest in the United States."

2  *Oropeza v. United States*, Nos. 10cr 307 BEN, 11 cv 2197 BEN, 2014 WL 1365900, at *1 (S.D.

3  Cal. Mar. 27, 2014).

4          Second, even assuming counsel had a duty to advise him and failed to do so,

5  movant must still show prejudice:  he must show not only that the Mexican consulate could have

6  assisted him but also that it would have assisted him.  *United States v. Osagiede*, 543 F.3d 399,

7  413 (2d Cir. 2008); *see also Abel v. Sherin*, Civil Action No. RWT-11-3366, 2014 WL 2616973,

8  at *9 (D. Md. June 11, 2014) (stating that petitioner had not shown prejudice because he had not

9  shown "how consultation with the Jamaican Consulate would have altered his actions or the

10  outcome of his case").  Movant suggests that the consulate could have assisted in exploring the

11  validity of his prior convictions, but has presented nothing suggesting it would have done so or

12  that its efforts would have supported a challenge to those convictions.

13          D.  Claim Three

14          Movant alleges that the waiver of his plea and waiver of the right to appeal were

15  not entered knowingly and voluntarily because counsel did not inform him of the risk of

16  deportation and of the enhanced sentence that could be imposed because of his prior convictions.

17  These claims are belied by the record.

18          First, the written plea agreement contains movant's stipulation that his prior

19  conviction for a crime of violence yielded a sixteen level increase in the offense level.  ECF No.

20  20 ¶¶ 3:3-7, 10:9-13.  Movant acknowledged in writing that he had reviewed the agreement with

21  counsel and understood it.  *Id*. ¶ 15B.  He also told the court he had reviewed the plea agreement

22  with the assistance of an interpreter.  ECF No. 31 at 5:2-6.

23          Second, the plea agreement informed movant that his plea "may subject him to

24  automatic deportation and removal from the United States after he completes his sentence."  ECF

25  No. 20 ¶ 14: 4-6.  In addition, during the plea colloquy, the court told movant the plea could

26  "affect citizenship status resulting in denial of naturalization, deportation, or exclusion from this

27  country."  ECF No. 31 at 12:5-9.  At sentencing, movant asked "for the opportunity to be

28  deported as soon as possible. . . ."  *Id*. at 21:17-18.

1      Even if counsel failed to advise movant about the impact of his prior conviction on

2      his sentence and the possibility of deportation, movant cannot show he was prejudiced, because

3      the plea agreement described the sixteen-level increase in his offense level stemming from his

4      prior and the immigration consequences of his plea.  Movant acknowledged in writing and in

5      open court he had read and understood the agreement.  In addition, the court reviewed with

6      movant the possibility of his deportation.  When the plea agreement and the court provide the

7      information a defendant claims his lawyer omitted, he cannot show prejudice from any

8      ineffectiveness.  *United States v. Davis*, 583 F.3d 1081, 1092 (8th Cir. 2009); *United States v.*

9      *Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007).

10            E.   Claim Four

11            Movant alleges that with the assistance of an interpreter, counsel told movant he

12     had waived appeal and that if he pursued an appeal, the government would be free to seek a

13     longer sentence.  He continues that he gave "what he believed was a two part question/statement

14     in spanish [*sic*], 'No, [pause] meta la apelacion.'  Cruz now believes that the interpreter and the

15     attorney misunderstood his response to her explanation to mean 'don't file the appeal'.  However

16     Cruz thought he made it clear that he wanted her to file the appeal."  ECF No. 25 at 5.

17            In *Roe v. Flores-Ortega*, the Supreme Court said that "counsel ha[s] a

18     constitutionally imposed duty to consult with the defendant about an appeal when there is reason

19     to think either (1) that a rational defendant would want to appeal (for example, because there are

20     non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to

21     counsel that he was interested in appealing."  528 U.S. 470, 480 (2000).  The Court continued that

22     counsel should advise the defendant about the advantages and disadvantages of appealing and

23     make a reasonable effort to ascertain the defendant's desires.  *Id*. at 478.  Movant concedes

24     counsel consulted with him about the appeal and advised him of the potential disadvantages of

25     pursuing it.

26            In *Roe*, the Supreme Court did say that a lawyer "who disregards specific

27     instructions from the defendant to file a notice of appeal acts in a manner that is professionally

28     unreasonable."  *Id*. at 477.  In *United States v. Sandoval-Lopez*, the Ninth Circuit considered

8

1    *Roe*'s application to a case where there had been a waiver of appeal.  409 F.3d 1193 (9th Cir.

2    2005).  In that case, Sandoval-Lopez filed a § 2255 petition alleging that despite what the Ninth

3    Circuit characterized as "about as solid a waiver of the right to appeal as can be imagined" and a

4    very favorable plea deal, he had wanted to appeal but counsel had refused to file the notice.  *Id*. at

5    1195.  The district court in that case had denied the petition without a hearing; the Ninth Circuit

6    reversed and remanded the case for an evidentiary hearing on the question.  The court recognized

7    that had counsel filed an appeal for Sandoval-Lopez, it almost certainly would have been

8    dismissed because of the waiver and might ultimately be harmful, for a new trial could lead to a

9    longer sentence.  *Id*. at 1197.  It concluded, based on its interpretation of Supreme Court

10   precedent, that "'it is ineffective assistance of counsel to refuse to file a notice of appeal when

11   your client tells you to, even if doing so would be contrary to the plea agreement and harmful to

12   your client,' but that is the law on filing a notice of appeal." *Id*.

13          The Supreme Court has said that "a defendant who explicitly tells his attorney *not*

14   to file an appeal plainly cannot later complain that, by following his instructions, his counsel

15   performed deficiently."  *Roe*, 528 U.S. at 477 (emphasis in original).  The Ninth Circuit echoed

16   this in *Sandoval-Lopez*:  it said its rule would not apply when a defendant merely expressed

17   interest in appealing, but rather only when a defendant "explicitly asked" counsel to file a notice

18   of appeal.  *Sandoval-Lopez*, 409 F.3d at 1198.  In that situation, a court must hold an evidentiary

19   hearing to determine whether the client "really did tell his lawyer to appeal and his lawyer

20   refused" unless the government agrees the sentence should be vacated and reimposed, reviving

21   the time for appeal.  *Id*.

22          The government in this case has requested a hearing and renewed its motion to

23   depose defense counsel and the interpreter.  ECF No. 46 at 22-25.  A hearing is not necessary in

24   this case because movant has not made even a preliminary showing that he explicitly told counsel

25   to file a notice of appeal.  Movant concedes he said "no meta la apelacion," which translates

26   roughly to "do not put in the appeal," but says he meant to reject counsel's admonishment that he

27   faced increased punishment by saying "no" followed by a request to "put in the appeal."  ECF

28   No. 25 at 5.  Movant has thus not alleged he explicitly told counsel to file a notice of appeal;

absent other indications movant directed counsel to so act, the court does construe this statement as an explicit request to appeal.  Rather, because the statement might reasonably be interpreted as a direction not to appeal, movant has not shown counsel acted ineffectively.

Under Rule 11(a) of the Rules Governing Section 2255 proceedings, a court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should issue when the movant has "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation, internal quotation omitted). Movant has not made the required showing in this case.

IT IS THEREFORE ORDERED that:

1.  Movant's motion to vacate his sentence is denied;

2.  The government's motion for an evidentiary hearing is denied as unnecessary and its motion to dismiss is denied as moot;

3.  The court declines to issue the certificate of appealability; and

4.  The Clerk of the Court is directed to close the companion case of 2:12-cv-1186 KJM.

DATED:  July 7, 2014.

_____
UNITED STATES DISTRICT JUDGE